UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL O. EAGAN, : |  |
| : |  |
| Plaintiff, : |  |
| : CIVIL NO. |  |
| v. : |  |
| : District Court Judge |  |
| MASSACHUSETTS MUTUAL LIFE : |  |
| INSURANCE COMPANY, : |  |
| : January 3, 2019 |  |
| Defendants. |  |

## COMPLAINT

Plaintiff, Michael O. Eagan, alleges as follows for his Complaint against Defendant, Massachusetts Mutual Life Insurance Company:

## NATURE OF ACTION

1. This action is claimed by an insured under two disability policies alleging breach of contract and unjust enrichment due to the denial of coverage by the insurer.

## THE PARTIES

2. Plaintiff, Michael O. Eagan, is a citizen of the State of Connecticut and resides in West Hartford, Connecticut.

3. Defendant, Massachusetts Mutual Life Insurance Company, is a Massachusetts corporation with its principal place of business located in Springfield, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action and controversy is between citizens of different states and exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over the Defendant under Connecticut's long arm statute, Conn. Gen. Stat. § 52-59b, because the Defendant regularly transacts business in this District, including providing insurance coverage for the transactions set forth herein.

6. Venue is proper in the United States District Court of the District of Connecticut, pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## BACKGROUND

7. On or about October 21, 1983, Plaintiff completed an application for disability income insurance through the defendant, Massachusetts Mutual Life Insurance Company (hereinafter referred to as "MassMutual").

8. MassMutual subsequently issued disability policy number 9202212 (hereinafter referred to as Policy No. 9202212) on May 22, 1984.

9. On or about October 12, 1984, Plaintiff completed a second application for disability income insurance through MassMutual.

10. MassMutual subsequently issued disability policy number 9226267 (hereinafter referred to as Policy No. 9226267) on November 7, 1984.

11. Plaintiff paid, and continues to pay, the required minimum payments each month for Policy No. 9202212 and Policy No. 9226267 (hereinafter referred to together as the "Policies") as required by the terms of the Policies.

12. On or about November 1, 2016, Plaintiff fell causing a left rotator cuff tear restricting the use of his left arm and preventing him from performing necessary repairs and maintenance on his rental properties.

13. Plaintiff's injury on November 1, 2016 and subsequent impairment constitutes a disability, as the term is defined in the Policies.

14. On or about January 31, 2017, Plaintiff notified MassMutual of his intention to file a claim for disability income benefits under the Policies (hereinafter referred to as the "Claim") and subsequently submitted completed claim forms to MassMutual's Disability Insurance Claims Department.

15. On February 1, 2017, Plaintiff underwent surgery to repair the said rotator cuff tear, however, Plaintiff's disability continued.

16. MassMutual received Plaintiff's completed claim forms on or about March 6, 2017.

17. On or about June 27, 2017, MassMutual sent a letter to the Plaintiff regarding the status of his claim concluding that the Plaintiff was ineligible for disability income benefits under the Policies and thereby denied Plaintiff's Claim.

18. Despite multiple appeals and reviews, on November 28, 2018, MassMutual notified Plaintiff's counsel that its position as of June 27, 2017 remained unchanged.

## COUNT 1
### (Breach of Contract, Policy No. 9202212)

19. Policy No. 9200212 issued by MassMutual provides monthly income payments to insureds in the event an insured is disabled.

20. Plaintiff has performed all of its obligations under Policy No. 9200212 and, in particular, paid the premiums as required in good faith reliance that MassMutual would provide coverage under the terms of the policy.

21. Plaintiff's injury and subsequent impairment was a disability as defined under the policy.

22. In denying Plaintiff's claim, MassMutual breached its obligations under the policy which constitutes a breach of contract.

23. As a direct and proximate result of MassMutual's actions, the Plaintiff has sustained significant monetary damages in that he has been forced to hire third parties to complete work normally completed by the Plaintiff, significantly increasing Plaintiff's expenses as to his rental properties.

## COUNT 2
### (Breach of Contract, Policy No. 9226267)

24. Policy No. 9226267 issued by MassMutual provides monthly income payments to insureds in the event an insured is disabled.

25. Plaintiff has performed all of its obligations under Policy No. 9226267 and, in particular, paid the premiums as required in good faith reliance that MassMutual would provide coverage under the terms of the policy.

26. Plaintiff's injury and subsequent impairment was a disability as defined under the policy.

27. In denying Plaintiff's claim, MassMutual breached its obligations under the policy which constitutes a breach of contract.

28. As a direct and proximate result of MassMutual's actions, the Plaintiff has sustained significant monetary damages in that he has been forced to hire third parties to complete work normally completed by the Plaintiff, significantly increasing Plaintiff's expenses as to his rental properties.

## COUNT 3
### (Unjust Enrichment)

29. Plaintiff repeats and realleges Paragraphs 1-27 of the complaint as if fully set forth herein.

30. In denying Plaintiff's claim, MassMutual has withheld benefits entitled to the Plaintiff to the detriment of the Plaintiff.

WHEREFORE, Plaintiffs respectfully claim:

1. Compensatory damages;

2. Such other relief as the Court may deem just ad proper.

                                                Respectfully submitted,

                                                PLAINTIFF

By:                     _____
                             Richard S. Conti
                             Diana, Conti & Tunila, LLP
                             1091 Main Street
                             Manchester, CT 06040
                             860-643-2181
                             rconti@dctlaw.com
                             Fed. Bar No. ct00015